# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**SCOTT R. KROEPLIEN,**
        **Plaintiff,**

   v.

**STRYKER CORPORATION and**
**STRYKER SALES CORPORATION,**
        **Defendants.**

Case No. 10-C-0407

---

## ORDER

On May 12, 2010, plaintiff filed this action, alleging that subject matter jurisdiction is proper under 28 U.S.C. § 1332. Upon my initial review of the complaint, however, I conclude that plaintiff has not properly alleged facts showing that I have subject matter jurisdiction. See Wis. Knife Works v. Nat'l Metal Crafters, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.").

For jurisdiction to exist under 28 U.S.C. § 1332, the parties must be diverse and the amount in controversy must exceed $75,000, exclusive of interest and costs. The complaint alleges that plaintiff is a "resident" of Wisconsin and that the "defendant" is a corporation organized under Michigan law that does business in Wisconsin. These allegations are defective for several reasons. First, the complaint does not allege that the amount in controversy exceeds $75,000, exclusive of interest and costs. Second, the citizenship of a natural person like the plaintiff is determined by the person's domicile, which is not necessarily the same thing as the person's residence. See, e.g., Denlinger v. Brennan, 87 F.3d 214, 216 (7th Cir. 1996). Thus, the allegation that the plaintiff resides

in Wisconsin does not establish that plaintiff is a citizen of Wisconsin. Third, there are two defendants in this case – Stryker Corporation and Stryker Sales Corporation – yet the complaint's jurisdictional allegations refer to only a single defendant and do not indicate which defendant is being referred to. In any event, the jurisdictional allegations regarding this unidentified defendant are defective. A corporation is a citizen of both the state in which it is incorporated and the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1). Although the complaint alleges that some defendant is incorporated under Michigan law, it does contain any information regarding that defendant's principal place of business.

For these reasons I will dismiss the complaint for lack of subject matter jurisdiction unless, within 10 days of the date of this order, plaintiff amends his complaint to correct his defective jurisdictional allegations. Any amended complaint must clearly identify all parties and their citizenship (i.e., indicate the domicile of plaintiff and the state of incorporation <u>and</u> principal place of business of <u>both</u> defendants) and show that the amount in controversy exceeds $75,000, exclusive of interest and costs.

**SO ORDERED** at Milwaukee, Wisconsin, this 13 day of May, 2010.

/s_____
LYNN ADELMAN
District Judge